# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| TERESIA GARRETT ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NUMBER:** |
| ) | **1:21-CV-535** |
| STATE OF ALABAMA ) | |
| DEPARTMENT OF ) | |
| CORRECTIONS ) | |
| ) | **JURY DEMAND** |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

## COMPLAINT

### I. INTRODUCTION

1. This is an action for declaratory judgment, equitable relief, and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Act of Congress commonly known as "The Civil Rights Act of 1964," 42 U.S.C. §§ 2000(e) et seq. as amended by "The Civil Rights Act of 1991," 42 U.S.C. § 1981a (hereinafter "Title VII"), incorporating therein the Pregnancy Discrimination Act of the Civil Rights Act of 1964, which provides for relief against discrimination in employment on the basis of sex.  The Plaintiff seeks

compensatory and punitive damages and requests a jury trial pursuant to 42 U.S.C. § 1981a.

## II. PARTIES

2. Plaintiff, Teresia Garett (hereinafter "Garrett" or "Plaintiff"), is a female citizen of the United States and a resident of Escambia County Alabama.

3. Defendant Alabama Department of Corrections (hereinafter "ADOC") is an employer subject to suit under Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 and the Civil Rights Act of 1866 as amended, 29. U.S. C. §1981. The Plaintiff worked at Fountain Corrections Facility located in Escambia County Alabama.

4. Defendant employs more than fifteen (15) employees and does business in Escambia County, Alabama.

## III. JURISDICTION AND VENUE

5. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), and 42 U.S.C. § 2000e-5.

6. Venue is proper in this Court and this judicial division and district. 28 U.S.C. 1391(b) and 42 U.S.C. § 2000e-5(f)(3).  Title VII provides that actions may be brought in any district in the State where "the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial

district in which the aggrieved person would have worked but for the alleged unlawful employment practice" 42 U.S.C. § 2000e-5(f)(3).

## IV. ADMINISTRATIVE EXHAUSTION

7. Plaintiff has met all administrative conditions precedent for filing this case under Title VII.  Plaintiff timely filed her charge of discrimination within 180 days of occurrence of the last discriminatory act.  Plaintiff also timely filed this complaint within 90 days of the receipt of a Notice of Right To Sue issued by the Equal Employment Opportunity Commission.

## V. FACTUAL ALLEGATIONS

8. Plaintiff was hired by the State of Alabama Department of Corrections (ADOC) as a Correctional Officer Trainee and was assigned to the Fountain Correctional Facility (hereinafter "FCF"), an ADOC prison, in March 2019.

9. Plaintiff was promoted to Correctional officer at FCF effective November 1, 2019.

10. In the first trimester of her pregnancy, Plaintiff informed Warden Mary Cooks ("Cooks") that she was pregnant.

11. On June 12, 2020, Plaintiff's doctor placed her on a 25 pound weight lifting restriction and limited her work hours to 8 hours a day, 40 hours per week.

12. Additionally, Plaintiff could no longer climb the ladder or open/close the heavy gate, which were part of her duties in the tower of the prison where she

was then assigned.  Non-pregnant officers are assigned light or different job duties due to medical restrictions.

13. After reporting her restrictions due to her pregnancy, Plaintiff was moved from working in the tower to working in the lobby on or about June 18, 2020.

14. On July 11, 2020, Plaintiff informed her employer that she had been exposed to someone who had tested positive with COVID-19. She was told to go home and to be tested.

15. On July 14, 2020, Plaintiff's COVID-19 test was negative and the results were sent by her doctor to FCF.

16. Plaintiff was told by her doctor to remain in quarantine through July 28, 2020 and to return to work on July 29, 2020 if she presented no symptoms.  Plaintiff informed the Defendant of her doctor's instructions.

17. On July 15, 2020, Warden Mary Cooks recommended that Plaintiff be terminated from her employment effective July 13, 2020 "due to her inability to complete the tasks assigned during the probationary period" and "recommend rehiring the employee with the department of corrections **when her ability to perform the requirements changes**." (emphasis added).

18. Having served her quarantine period and having no COVID symptoms, Plaintiff contacted the Defendant on July 29, 2020 to return to work and was told by Warden Cooks that she had been terminated.

19. Commissioner Jefferson S. Dunn, notified Plaintiff of her separation effective July 15, 2020, stating the reason for her separation was that "the services that you have provided are no longer required."

20. Upon information and belief, Defendant terminated another pregnant employee, Ms. Jackson (FNU).

21. Plaintiff Garrett was rehired by the ADOC as a Correctional Officer Trainee in July 2021; however, she was not sent to the training academy and performs all duties of a correctional officer including carrying a weapon and other duties which are not performed by Correctional Officer Trainees. Commissioner Dunn was still commissioner when she was rehired.

## VI. CAUSES OF ACTION

### COUNT I

### Sex Discrimination
### In Violation of Title VII[1]

22. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 21 above with the same force and effect as if fully set out in specific detail hereinbelow.

---

[1] Plaintiff's reference to Title VII includes the Pregnancy Discrimination Act of the Civil Rights Act of 1964, incorporated therein.

23. As stated above, after reporting her restrictions due to her pregnancy, Plaintiff was moved from working in the tower to working in the lobby on or about June 18, 2020. Cooks' recommendation that the Plaintiff be terminated from her employment with the State of Alabama Corrections Department effective July 13, 2020 "due to her inability to complete the tasks assigned during the probationary period" and her recommendation for "rehiring the employee with the Department of corrections when her ability to perform the requirements changes" is an admission that it was Plaintiff's pregnancy that limited her ability to do the assigned tasks. The temporal proximity between the job restrictions and the discharge coupled with Warden Cooks' own words lead to the conclusion that the termination was due to Plaintiff's pregnancy.

24. As discussed above, Plaintiff was discriminated against by the Defendant on the basis of her sex and her status as a pregnant female with respect to the terms, conditions, benefits and privileges of her employment.

25. The unlawful conduct of ADOC in terminating Plaintiff was a violation of Plaintiff's Title VII and the Pregnancy Discrimination Act and her federally protected rights.

26. Defendant's conduct as described above caused the Plaintiff emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

27. The Plaintiff has no plain, adequate, or complete remedy at law to

redress the wrongs alleged herein and this suit for back-pay, injunctive relief, compensatory and a declaratory judgment is her only means of securing adequate relief.

## VII.  **PRAYER FOR RELIEF**

**WHEREFORE,** the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Grant the Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with them and at the Defendant's request from continuing to violate Title VII of the Civil Rights Act of 1964, as amended;

2. Enter an Order requiring the Defendant to make the Plaintiff whole by awarding her backpay (plus interest), compensatory damages, lost seniority, lost pension and other fringe benefits, and nominal damages; and

3. The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

Dated December 9, 2021

                                          Respectfully submitted,

                                          *s/Russell W. Adams*
                                          Russell W. Adams
                                          Alabama State Bar Number: 3760-A62R

>WIGGINS, CHILDS, PANTAZIS, FISHER
>& GOLDFARB
>301 19th Street North
>Birmingham, Alabama 35203
>(205) 314-0500

**PLAINTIFF HEREBY DEMANDS TRIAL BY STRUCK JURY.**

>*s/Russell W. Adams*
>OF COUNSEL